```
               UNITED STATES  DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA


JOYCLYN GALLOWAY                           CIVIL ACTION

VERSUS                                     NO.  05-1892

JOHN B. DONNES, III                        SECTION J(5)
AUDUBON PAINTING CONTRACTORS, LLC
```

## ORDER AND REASONS

Before the Court are Plaintiff's **Written Submission in Support of Entry of Default Judgment (Rec. Doc. 40)**.  Plaintiff Joyclyn Galloway requests that this Court enter judgment against Defendant Audubon Painting Contractors, L.L.C., ("Audubon") who was served with a copy of the Complaint through the Secretary of State and who failed to make an appearance in this matter.  Instead of having a formal hearing, Plaintiff agreed to submit this matter to the Court on the briefs alone.  Upon review of these submissions, this Court finds that Plaintiff's motion for entry of judgment against Audubon should be denied.

## Procedural History

On March 24, 2006, the Clerk of Court made an entry of default against Audubon (Rec. Doc. 15).  Thereafter, Plaintiff moved for an entry of default judgment against Audubon and for a jury trial to determine the amount of damages to which she is entitled from Audubon.  The Court denied entry of default judgment (Rec. Doc. 30).  Later, Plaintiff waived her request for a jury trial, and a bench trial was set to confirm the default judgment (Rec. Doc. 35).  Plaintiff later informed the Court that

he preferred to dispose of the matter by submitting affidavits and other evidence to the Court - instead of having a formal hearing.  Therefore, the bench trial was cancelled.  (Rec. Doc. 39).  Plaintiff filed his written submissions into the record on September 25, 2006.  (Rec. Doc. 40).

## Background Facts

Audubon agreed to provide construction services to Plaintiff and material for a construction project at her home. Plaintiff declares that she paid Audubon $3,700 and was to make an additional payment of $1,850 when the work was fully completed. Before the work was completed, Plaintiff sent a letter to Audubon explaining her dissatisfaction of the quality of work and asking Audubon to cease work on the project.  She enclosed a $500 check and said that it would constitute full satisfaction of the obligations owed. (See Exhibit A to Plaintiff's affidavit, Rec. Doc. 40).

Plaintiff claims in her affidavit that "Audubon refused to return the money."  Plaintiff claims that Audubon filed a lien in the Mortgage and Conveyance Records of Orleans Parish claiming that she still owed $1,850.  She claims to have been embarrassed by this lien and also asserts that it created a defect in her land title for several years.  In February of 2005, Plaintiff asserts that Defendant John B. Donnes, III, who was voluntarily dismissed from this lawsuit by Plaintiff (Rec. Doc. 34), sent a collection letter demanding $1,850 and threatening further legal

action.  Plaintiff claims she has incurred additional legal expenses in having the lien removed – (Audubon never sought to substantiate the lien).  Plaintiff claims she has suffered mental anguish over the fear of being sued.

### Plaintiff's Arguments

Plaintiff claims Audubon failed to complete and/or perform work in an acceptable manner, which constituted a breach of contract.  She claims she is entitled to a refund in the amount of $1850 based on Louisiana Civil Code articles 1994-2000 et seq.  She also claims that Defendant made intentional misrepresentations about her and invaded her privacy, which entitles her to damages caused by Audubon's false claims made to third parties in an attempt to collect a debt which Plaintiff claims she was not legally obligated to pay.  Plaintiff cites Louisiana Civil Code articles 1953 et seq., 2315, 2316, 2317, 2320, and 2324 to support her argument that she is entitled to damages.

Plaintiff claims Defendant is liable to her in the amount of $10,000 ($5,000 in actual damages and $5,000 in costs and attorneys fees).

### Discussion

This Court determines that Plaintiff's written submissions are unclear and deficient in the following ways:

(1)  In her affidavit, Plaintiff claims that "Audubon refused to return the money." However, it is unclear whether Plaintiff asked for any return of her money.  In the letter she

sent to Audubon letter (Exhibit A to her affidavit) she did not request the return of any money; in fact, she enclosed a check for $500.

(2)   Plaintiff states that Defendant sent a collection letter demanding $1,850 and threatened "further legal action." However, it is unclear whether Plaintiff actually paid the $1,850 requested. Such is not set forth in her affidavit or in the Memorandum in Support of Plaintiff's Request for an Entry of Judgment.

(3)   Plaintiff claims she suffered mental anguish due to her "fear of being sued"; however, it is not clear what, if any, damages she suffered.

(4)   Although Plaintiff cites law she claims entitles her to relief, it encompasses large sections of the civil Code.  She does not explain how these article entitle her to relief; instead, she seems to leave it to this Court to make that determination.  However, it is not this Court's responsibility to make Plaintiff's case for her.

(5)   Plaintiff's attorney does not attach any evidence, in the form of an affidavit or otherwise, to show what attorneys fees Plaintiff incurred.  Counsel simply asks for $5,000 in attorneys fees.  It is also not clear how Plaintiff reaches the point of requesting $5,000 in actual damages.  In fact, the $10,000 figure seems to be pulled out of thin air.

From the written submissions, it is not even clear what amount, if any, Plaintiff is entitled to.  Therefore, this Court concludes that Plaintiff has failed to carry her burden of proof.

Plaintiff's motion for entry of judgment against Audubon should be denied. Accordingly,

**IT IS ORDERED** that Plaintiff's motion for entry of default judgment **(Rec. Doc. 40)** should be and hereby is **DENIED**. This case is hereby **DISMISSED** with prejudice.

New Orleans, Louisiana, this __18th__ day of October, 2006.

                                              _____
                                              CARL J. BARBIER
                                              UNITED STATES DISTRICT JUDGE